IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-MC-26-BM

| | |
|---|---|
| IN RE: SUBPOENA ISSUED TO FORMER ) <br> U.S.D.A. EMPLOYEE ROBBIE HASKINS ) <br> IN THE MATTER OF BARNES v. ) <br> VILLARI BROS. FOOD, ET AL., WILSON ) <br> COUNTY SUPERIOR COURT, File No. ) <br> 23CVS169 ) | **ORDER** |

This matter is before the court on the government's motion to quash [DE-2] a subpoena issued to Robbie Haskins ("Dr. Haskins"), a former employee of the United States Department of Agriculture ("USDA"), in the case of *Barnes v. Villari Bros. Food et al.*, No. 23 CVS 169, Superior Court of Wilson County, North Carolina.[1] On August 19, 2025, the plaintiff in the underlying case, *Barnes v. Villari Bros. Food et al.*, No. 23 CVS 169, T.B., a minor, by and through his Guardian ad Litem, Andrew Boyd, filed a response in opposition to the motion to quash [DE-8], to which the government filed a reply [DE-12]. For the reasons set forth below, the court grants the motion to quash the subpoena.

## BACKGROUND

On or about July 7, 2025, a subpoena was served on Dr. Haskins, a former USDA employee, to appear and testify in the Superior Court of Wilson County, North Carolina, in the case of *Barnes v. Villari Bros. Food et al.*, No. 23 CVS 169 (Wilson Cnty. Sup. Ct.), a matter in which the United States is not a party. [DE-3] at 1-3. On August 13, 2025, the government removed the subpoena proceeding to this court pursuant to 28 U.S.C. § 1442, and filed the instant motion to quash. The government asserts that the subpoena seeks testimony regarding matters

---

[1] On August 22, 2025, the government filed a notice of related case with respect to *T.B. v. United States of America, et al*, No. 5:25-cv-00502-M-RJ, which presents an Administrative Procedures Act ("APA") challenge to the USDA's denial of the state plaintiff's Touhy request for Dr. Haskins' testimony. [DE-13] at 1.

within the scope of Dr. Haskins' former employment with USDA and that the government does not have any interest in the outcome of the litigation. *Id.* at 2 (citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)).

## **DISCUSSION**

The doctrine of sovereign immunity "precludes a state court, and in turn a federal court on removal, from exercising jurisdiction to compel a government employee to testify contrary to agency instructions." *Morgan v. Bagley*, No. 5:08-CV-217-BR, 2008 WL 2626974, at *1 (E.D.N.C. June 26, 2008). Thus, a federal employee "may not be forced to comply with [a] subpoena [] if a valid regulation required [the employee] not to comply." *Smith v. Cromer*, 159 F.3d 875, 878 (4th Cir. 1998).; *accord Morgan*, 2008 U.S. Dist. LEXIS 49225, at *2.

Pursuant to 5 U.S.C. § 301, USDA has promulgated regulations designed to deal with requests for testimony and documents from its employees regarding information obtained in the performance of their official duties. These *Touhy* regulations, set forth at 7 C.F.R. § 1.210 *et seq.*, prohibit the disclosure of information obtained in the course of employment pursuant to a litigation request or demand absent express approval of appropriate officials upon request by the party seeking the information. *See* 7 C.F.R. § 1.212(b).

This court previously quashed a subpoena served on Dr. Haskins on or about January 28, 2025, arising out of the same superior court case in Wilson County. *See In Re: Subpoena Issued to Former U.S.D.A. Employee Robbie Haskins in the Matter of Barnes v. Vallari Bros. Food et al*, 5:25-MC-12-RJ, [DE-6] (filed March 28, 2025). Yet in that case, plaintiff did not file a response in opposition. There undersigned will, therefore, give consideration to plaintiff's arguments here. Plaintiff argues that (i) denial of the *Touhy* demand with respect to Dr. Haskins is arbitrary and capricious; (ii) the testimony imposes minimal burden on the USDA; and (iii) sovereign immunity

does not bar the testimony of former USDA employees.[2]

The government argues that the arbitrary and capricious "standard is irrelevant to this removal action because the second Haskins subpoena was removed to federal court on sovereign immunity grounds" and that the arbitrary and capricious standard "would only be relevant in the [Administrative Procedures Act ("APA")] action filed to challenge the agency's denial of the *Touhy* request." [DE-12] at 2.

In its response in opposition, plaintiff represents that it has attached an APA complaint plaintiff that it intends to file. [DE-8] at 3. Even if the court were to credit plaintiff's representation that intends to file such a complaint, it does not show how the instant subpoena and motion to quash overcome sovereign immunity in the instant matter. *See COMSAT Corp. v. NSF*, 190 F.3d 269, 274 (4th Cir. 1999) ("When the government is not a party, the APA provides the sole avenue for review of an agency's refusal to permit its employees to comply with subpoenas."); *Smith v. Cromer*, 159 F.3d 875, 881 (4th Cir. 1998)) ("Based upon the *Touhy* doctrine and principles of sovereign immunity, we conclude that the state court had no authority to enforce the subpoenas, and the district court acquired none on removal. Cromer's remedy, if any, for the Justice Department's actions in the instant case may be found in the Administrative Procedures Act, 5 U.S.C. § 702, which expressly limits such review authority to the federal courts."). Without prejudice to any subsequent APA claims, the court does not find that any of plaintiff's arguments overcome the sovereign immunity bar in this case.

---

[2] Plaintiff's arguments also relate to a subpoena issued in the same state court matter to a different former USDA employee, Jospeh W. Marino ("Mr. Marino"). While Mr. Marino is not a party to the instant case, the court is equally unpersuaded by plaintiff's arguments as they relate to Mr. Marino. The court notes that the government filed a separate motion to quash the state subpoena issued to Mr. Marino. *United States of America et al. v. In Re: Subpoena Issued to Former U.S.D.A. Employee Joseph W. Marino in the Matter of Barnes v. Vallari Bros. Food et al.*, 5:25-MC-27-BM, [DE-3] (E.D.N.C. August 13, 2025) ("*In re: Marino Subpoena*, 5:25-MC-27-BM"). Contemporaneous to the instant order, the court has issued an order in that related case, quashing the subpoena to Mr. Marino. *See In re: Marino Subpoena*, 5:25-MC-27-BM.

3

The subpoenaing party has shown neither that the subpoena served on Dr. Haskins seeks testimony obtained outside the performance of his official duties nor that the party has sought and obtained approval pursuant to USDA's *Touhy* regulations. Thus, Dr. Haskins is prohibited from providing the testimony sought by the subpoena, and the subpoena should be quashed.

## **CONCLUSION**

For the foregoing reasons, the government's motion [DE-2] is GRANTED, and the subpoena directed to Dr. Haskins is QUASHED. The Clerk is DIRECTED to serve a copy of this order on the Clerk of Superior Court of Wilson County, North Carolina, and to close this matter.

SO ORDERED, this 11th day of September, 2025.

_____
Brian S. Meyers
United States Magistrate Judge

4

Case 5:25-mc-00026-BM    Document 15    Filed 09/11/25    Page 4 of 4